UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SNOWLANDS NETWORK, WINTER
WILDLANDS ALLIANCE, and
CENTER FOR BIOLOGICAL
DIVERSITY,                            No. 2:11-cv-02921-MCE-DAD

        PlaintiffS,

    v.                                ORDER[1]

UNITED STATES FOREST SERVICE,

        Defendant.

    and

THE INTERNATIONAL SNOWMOBILE
MANUFACTURER'S ASSOCIATION,
et. al.,

        Applicants for Intervention.

                    ----oo0oo----

///

///

_____

    [1] Because oral argument would not be of material assistance,
the Court ordered this matter submitted on the briefs.  E.D. Cal.
Local Rule 230(g).

1

1      Plaintiffs are three environmental organizations contending

2 that Defendant United States Forest Service violated the National

3 Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321, et seq., by

4 failing to adequately analyze the Over Snow Vehicle Program's

5 ("Program") environmental impact.  Presently before the Court is

6 a Motion to Intervene filed on behalf of several individuals and

7 associations interested in recreational snowmobile use or

8 snowmobile sales ("Applicants").

9      The Program represents the combined efforts of Defendant and

10 the California Department of Parks and Recreation to facilitate

11 snowmobile use in eleven National Forests ("forests").  Under the

12 Program, Defendant enters into contracts with California and

13 third parties regarding trail grooming and general maintenance.

14 Plaintiffs allege that the Program increases the number of

15 snowmobiles operated in the forests, which harms wildlife and

16 causes additional air pollution and noise.  As a result,

17 Plaintiffs argue that Defendant must perform a thorough study of

18 the Program's harmful environmental consequences.

19      Applicants claim that Plaintiffs' success in this lawsuit

20 could affect the Program's very existence and, without the

21 Program, Applicants' lawful interests in snowmobile use and sales

22 would be restricted.  Unlike Defendant, which will likely defend

23 its actions in general terms, Applicants request intervention to

24 assert their more narrow interests.

25 ///

26 ///

27 ///

28 ///

Applicants argue that they should be allowed to intervene as a matter of right under Federal Rule of Civil Procedure 24(a).[2] Alternatively, Applicants seek permissive intervention pursuant to Rule 24(b).  While not disputing intervention into the lawsuit's remedy phase, Plaintiffs oppose Applicants' motion regarding the liability phase, contending that Applicants fail to meet that stage's intervention requirements.  Defendant takes no position on the intervention motion itself, but if the Court grants intervention, Defendant seeks several restrictions.

**ANALYSIS**

**A.    Intervention as a Matter of Right under Rule 24(a)**

An applicant has the right to intervene under Rule 24(a) if 1) the intervention request is made in a timely fashion; 2) a "significantly protectable" interest related to the subject matter of the litigation is asserted; 3) disposition of the matter may impair or impede the applicant's interest in the absence of intervention; and 4) if the applicant's interest is not adequately represented by existing parties.  <u>Wetlands Action Network v. United States Army Corps of Eng'rs</u>, 222 F.3d 1105, 1113-14 (9th Cir. 2000).

Until recently, private parties could not intervene as a matter of right in an action alleging NEPA violations on grounds that such parties do not have the requisite significantly protectable interest in NEPA compliance actions.

---

[2] Unless otherwise noted, all further references to Rule or Rules are to the Federal Rules of Civil Procedure.

1   <u>Kootenai Tribe of Idaho v. Veneman</u>, 313 F.3d 1094, 1108 (9th Cir.

2   2004).   However, recent case law no longer categorically bans

3   private parties from intervention as a matter of right in NEPA

4   lawsuits.   <u>Wilderness Soc'y v. U.S. Forest Serv.</u>, 630 F.3d 1173,

5   1178 (9th Cir. 2011).   The <u>Wilderness Society</u> court emphasized

6   the importance of fulfilling Rule 24(a)'s requirements and

7   advancing a liberal policy favoring intervention, even in NEPA

8   lawsuits.   <u>Id.</u> at 1179.

9

10        **1.    Applicants have made a timely intervention**

11             **request.**

12

13        "Timeliness is to be determined from all the circumstances"

14   in the court's "sound discretion."   <u>NAACP v. New York</u>, 413 U.S.

15   345, 366 (1973).   The only significant pleadings in this case are

16   the complaint and a motion to extend the deadline for responsive

17   pleadings.   Additionally, the Court cannot foresee other parties

18   being prejudiced.   As a result, the request is timely.

19

20        **2.    Applicants have a significant protectable interest**

21             **related to the subject matter of this litigation.**

22

23        A proposed intervenor has "a 'significant protectable

24   interest' in [the] action if (1) [it asserts] an interest that is

25   protected under some law, and (2) there is a 'relationship'

26   between [that] legally protected interest and the plaintiff's

27   claims."

28   ///

4

1   United States v. City of Los Angeles, 288 F.3d 391, 398 (9th Cir.

2   2002) (quoting Donnelly v. Glickman, 159 F.3d 405, 409 (9th Cir.

3   1998)).  Here, Applicants contend that their interest, snowmobile

4   use and enjoyment in the forests, is indeed a protectable

5   interest that should be safeguarded because "[i]t is the policy

6   of the Congress that the national forests are established and

7   shall be administered for outdoor recreation." 16 U.S.C. § 528.

8   Applicants' efforts to preserve snowmobile access exhibit a nexus

9   between the protected interest and Plaintiffs' claims.

10  Additionally, Applicants manufacturing and selling snowmobiles

11  and snowmobile parts have an economic interest in continued

12  snowmobile use pursuant to the Program.  Thus, Applicants

13  demonstrate a significant protectable interest.

14

15          **3.    Disposition of this matter, may, as a practical**

16                  **matter, impair or impede the Applicants' ability**

17                  **to protect their interests.**

18

19      Contrary to Plaintiffs' assertion, Applicants' interests may

20  suffer impairment if the Court prevents Applicants' intervention

21  into this lawsuit's liability phase.  Each phase can be of the

22  utmost importance, especially because significant decisions may

23  be settled before the remedy stage begins.  In this particular

24  case, Applicants demonstrate their interest in challenging any

25  change to Defendant's involvement in the Program.  Establishing

26  whether environmental impact reports are warranted may very well

27  necessitate allowing intervention into the liability phase.

28  ///

1    Courts should allow intervention for the liability phase

2  when the "[intervenor] may be foreclosed from bringing certain

3  . . . arguments if it is not permitted to intervene until the

4  liability [sic] phase." Wild Equity Institute v. City of

5  San Francisco, 2011 WL 2532436 (N.D. Cal. 2011).  If Plaintiffs

6  are successful in the underlying suit and Applicants can only

7  intervene in the remedy phase, Defendant may simply decide to end

8  snowmobile practices altogether rather than perform costly NEPA

9  studies.  Additionally, because liability decisions could be

10  different for each forest, thwarting Applicants' access to the

11  liability phase effectively inhibits their opportunity to contest

12  where the Court will employ each remedy.

13    Furthermore, the Court agrees with Applicants that this case

14  is similar to Wildlands CPR Inc. v. U.S. Forest Service.  In that

15  case, the plaintiffs were also environmental organizations

16  opposing snowmobile use in a national forest.  Wildlands CPR

17  Inc. v. U.S. Forest Serv., 2011 WL 578696 (D. Mont. 2011).  They

18  too claimed that the defendant Forest Service failed to perform

19  the requisite NEPA analysis.  Id.  Ultimately, the court granted

20  the snowmobile associations' motion to intervene, without

21  limiting intervention to only the remedy phase.  Id.  Although

22  those plaintiffs did not oppose intervention, the court

23  nonetheless could have determined that the snowmobile

24  associations were not entitled to intervention into the liability

25  phase.  Plaintiffs in the case at hand implicitly seek

26  restrictions on snowmobiling in the forests.

27  ///

28  ///

6

As such, their objectives run counter to Applicants' interests, and this Court, like the <u>Wildlands CPR Inc.</u> court, believes that intervention into the liability phase properly allows Applicants to fully protect their interests.  Therefore, Applicants meet the third requirement for intervention as a matter of right.

**4.   Existing parties may not adequately protect Applicants' interests.**

Applicants need only show that "the representation of [its] interest 'may be' inadequate."  <u>Trbovich v. United Mine Workers of America</u>, 404 U.S. 528, 538 (1972).  Furthermore, courts consider this minimal burden satisfied when "the interests of [intervenors] were potentially more narrow and parochial than the interests of the public at large."  <u>Californians for Safe & Competitive Dump Truck Transp. v. Mendonca</u>, 152 F.3d 1184, 1190 (9th Cir. 1998).  Defendant is a regulatory agency charged with making decisions for the benefit of the entire population.  As a result, Applicants necessarily set forth more specific goals and objectives than the much broader interests that Defendant must take into account.  One can also reasonably foresee Applicants, and not Defendant, providing the most tenacious and concentrated defense of their narrow interests.

With regard to the lawsuit's liability phase, Applicants persuasively argue that their interests may not be adequately represented by Defendants.  Only permitting intervention into the remedy phase essentially prevents Applicants from taking part in settlement negotiations.

7

To this end, Applicants express concern that Defendant is not sufficiently advocating Applicants' interests in the negotiations.  Applicants also claim that their intimate knowledge of the OSV Program and history of volunteering at the forests puts them in a unique position to assist with settlement discussions.  Accordingly, Applicants demonstrate that intervention into the remedy phase alone may leave their interests unprotected by existing parties.

In sum, the Court finds that Applicants satisfy the four requirements for intervention as a matter of right.  Applicants' intervention request is timely and adequately demonstrates a significant protectable interest that could be impeded by this litigation's disposition.  Applicants also establish that the current parties may not sufficiently protect this interest. Furthermore, Applicants should be permitted to intervene not only in the lawsuit's remedy phase, but the liability phase as well.

**B.   Permissive Intervention under Rule 24(b)**

District courts have broad discretion to allow permissive intervention.  Spangler v. Pasadena City Bd. of Educ., 552 F.2d 1326, 1329 (9th Cir. 1977).  However, because intervention as a matter of right is warranted, the Court need not address Applicants' alternative argument that permissive intervention is also indicated.

///

///

///

1      **C.    Defendant's Proposed Restrictions on Intervention**

2

3          Defendant requests that the Court subject Applicants'
4    intervention to four restrictions.  First, Defendant seeks to
5    prevent Applicants from briefing issues already addressed by
6    Defendant.  The Court considers this request appropriate and
7    therefore grants the request.  Second, Defendant asks the Court
8    to prohibit Applicants from conducting any discovery or
9    supplementing the administrative record.  Any request for
10   discovery or to supplement the administrative record should be
11   made in a separate motion.  As such, the Court denies Defendant's
12   request because it is premature.

13         Third, Defendant calls for each party to bear its own costs
14   and fees.  The Court denies this request to address fees and
15   costs because it is premature.  Finally, Defendant asks that
16   Applicants be assigned separate time limits with respect to oral
17   arguments.  The Court considers this request reasonable and
18   therefore grants the request.

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

**CONCLUSION**

For the foregoing reasons, the Court grants Applicants' Motion to Intervene (ECF No. 13) as a matter of right into all phases of the lawsuit, subject to the restrictions enumerated above.

IT IS SO ORDERED.

Dated: October 4, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE